The Honorable Wayne Matthews Prosecuting Attorney, Eleventh Judicial District P.O. Box 8051 Pine Bluff. Arkansas 71611
Dear Mr. Matthews:
This is in response to your request for an opinion on A.C.A. §14-14-904 (Cum. Supp. 1993), a provision of the Arkansas "County Government Code." A.C.A. § 14-14-101 et seq. (1987 and Cum. Supp. 1993). In your correspondence, you specifically reference those sections of § 14-14-904 which set forth the requisite vote requirements for the conduct of all legislative actions by a county quorum court and note that Jefferson County has thirteen (13) justices of the peace. With respect to § 14-14-904, you have inquired as to method of calculation for ascertaining the number of votes required under that statute.
Arkansas Code Annotated § 14-14-904(f) provides that "[a] majority of the whole number of justices comprising a quorum court shall constitute a quorum and is necessary to conduct any legislative affairs of the county." Subparagraph (g) of §14-14-904 provides that "[a]ll legislative affairs of a quorum court shall be conducted through the passage of ordinances, resolutions, or motions." With regard to the vote requirements for the passage of such measures, subparagraph (h) of § 14-14-904
provides that "a majority vote of the whole number of justices comprising a quorum court" is necessary for the passage of an ordinance or a resolution, unless otherwise provided by the Arkansas Constitution or by law, and that "a majority vote of the whole number of justices comprising a quorum" is necessary for the passage of a motion. Thus, with respect to the thirteen-member Jefferson County Quorum Court, seven (7) members of the court would constitute a quorum under A.C.A. §14-14-904(f), the number necessary for conducting legislative affairs of the county.[1] Likewise, the number of votes necessary for the passage of ordinances and resolutions would be seven (7), since § 14-14-904(h) provides that a majority vote of the whole number of members elected to the quorum court is necessary for the passage of such measures. Finally, motions would require a majority vote of the whole number of justices comprising a quorum: for example, if the quorum in a particular instance consisted of seven members (i.e., the minimum number that would constitute a quorum in this case), a majority of seven (i.e., a vote of four "yeas") would be necessary for passage of a motion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] From your correspondence, it appears that you believe there to be some confusion in the method of calculating what constitutes a "majority" of a quorum court where the court has an odd number of members. It is clear that where there is an odd number of members, the appropriate method of calculation (contrary to what is stated in your letter) is to divide the number of members in half (which will yield a fractional number due to the odd number of members) and round upwards to the next whole number. See generally Op. Att'y Gen. Nos. 92-135
(construing A.C.A. § 14-14-904 and stating that in the case of an eleven-member quorum court, a majority vote of the whole number of members elected to the court (i.e. the vote requirements for the passage of ordinances and resolutions and the number necessary for a "quorum") would equal six votes).